UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| GREGORY LATIKER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 4:11CV2010 HEA |
| | ) |
| AMEREN CORPORATION and | ) |
| STEVE HAMPTON, | ) |
| | ) |
| Defendant. | ) |

## OPINION, MEMORANDUM AND ORDER

This matter is before the Court on Plaintiff Gregory Latiker's Motion to Remand to State Court [ECF No. 14]. Defendants Ameren Corporation ("Ameren") and Steve Hampton oppose the motion [ECF No. 16]. Defendant Ameren has filed a Motion to Compel [ECF No. 51]. Plaintiff filed an Opposition to the Motion to Compel [ECF No. 55], to which Defendant Ameren replied [ECF No. 58]. Defendants also filed a Motion to Amend/Correct Defendants' Expert Deadlines [ECF No. 60]. Plaintiff also filed a Motion to Dismiss [ECF No. 61], which Defendants oppose [ECF No. 62]. Additionally, Defendant Ameren and Hampton filed a Motion for Extension of Dispositive Motions Deadline [ECF No. 63].

## Background

Plaintiff Latiker was an African American Male who began working for Ameren on August 19, 1985. On June 23, 2009, Plaintiff filed a Charge of Discrimination with the Missouri Commission on Human Rights ("MCHR") against Ameren. His Charge alleged that he was subjected to racial discrimination and retaliated against in violation of the Missouri Human Rights Act ("MHRA"). On October 6. 2011, Plaintiff filed a lawsuit against Defendants in St. Louis City Circuit Court. Plaintiff's Original Complaint alleged race discrimination under the MHRA (Count I) and race discrimination under 42 U.S.C. § 1981 (Count II). Defendants removed Plaintiff's claims to the United States District Court or the Eastern District of Missouri on November 17, 2011. On May 15. 2012, Plaintiff Latiker died after sustaining injuries in a motorcycle accident.

## Discussion

### *Plaintiff's Motion to Remand*

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute." *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994).   A claim may be removed to federal court only if it could have been brought in federal court originally; thus, the diversity

and amount in controversy requirements of 28 U.S.C. § 1332 must be met, or the claim must be based upon a federal question pursuant to 28 U.S.C. § 1331. *Peters v. Union Pac. R.R. Co.*, 80 F.3d 257, 260 (8th Cir. 1996). The party invoking jurisdiction bears the burden of proof that the prerequisites to jurisdiction are satisfied. *Green v. Ameritide, Inc.*, 279 F.3d 590, 595 (8th Cir. 2002); *In re Bus. Men's Assurance Co.*, 992 F.2d 181, 183 (8th Cir. 1993). Removal statutes must be strictly construed because they impede upon states' rights to resolve controversies in their own courts. *Nichols v. Harbor Venture, Inc.*, 284 F.3d 857, 861 (8th Cir. 2002). If "at any time before final judgment it appears that the district court lacks subject matter jurisdiction," the case must be remanded to the state court from which it was removed. 28 U.S.C. § 1447(c).

Plaintiff's Original Complaint alleged race discrimination under the MHRA (Count I) and race discrimination under 42 U.S.C. § 1981 (Count II). Since this case was removed to federal court, Plaintiff requested leave to amend his Original Complaint [ECF No. 8]. The Court granted Plaintiff's request. *See* ECF No. 20. Plaintiff's Amended Complaint no longer asserts racial discrimination under 42 U.S.C. § 1981, which was the original basis for Defendants' removal. The Amended Complaint contains the following claims: Race Discrimination under the MHRA (Count I), Emotional Distress (Count II), Retaliation (Count III), and

Wrongful Termination (Count IV). ECF No. 10. All of Plaintiff's claims in his Amended Complaint are brought as Missouri state law claims.

Defendants initial removal of this case to federal court was proper; however, the Court now lacks subject jurisdiction pursuant to 28 U.S.C. § 1447(c). Although a defendant has a statutory right to remove when jurisdiction is proper, the plaintiff remains the master of the claim and any doubts about the propriety of removal are resolved in favor of remand. See *In re Bus. Men's*, 992 F.2d at 183; *McHugh v. Physicians Health Plan of Greater St. Louis*, 953 F. Supp. 296, 299 (E.D. Mo. 1997). Pursuant to well settled 8th Circuit law and 28 U.S.C. § 1447(c), and due to Plaintiff withdrawing his racial discrimination claim under 42 U.S.C. § 1981, the Court no longer has subject matter jurisdiction. As such, remand is proper here.

## Conclusion

Because the Court is granting Plaintiff's Motion to Remand, all of the other pending motions are deemed moot, as the Court no longer has subject matter jurisdiction.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff Gregory Latiker's Motion to Remand to State Court [ECF No. 14] is **GRANTED.**

**IT IS FURTHER ORDERED** that all other pending motions [ECF Nos. 51, 60, 61 and 63] are all **DENIED** due to the Court's lack of subject matter jurisdiction.

Dated this 20th day of March, 2013.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE